**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **JULIE A. SU, Acting Secretary of Labor,** <br> **U.S. DEPARTMENT OF LABOR,** <br><br> **Plaintiff,** <br><br> v. <br><br> **TEJAS CHOCOLATE, LLC, d/b/a TEJAS** <br> **CHOCOLATE & BARBECUE,** <br> **TEJAS DRAGON COMPANIES, LLC,** <br> **d/b/a TEJAS BURGER JOINT, and** <br> **SCOTT MOORE, individually,** <br><br> **Defendants.** | Civil Action No. 4:24-cv-2695 |

## COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants, Tejas Chocolate, LLC, dba Tejas Chocolate & Barbecue, Tejas Dragon Companies, LLC, dba Tejas Burger Joint, and Scott Moore, individually, from violating the provisions of Section 3(m)(2)(B) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA" or "Act"), to restrain Defendants from keeping tips unlawfully and to pay tips due to Defendants' employees named in Exhibit A and an equal amount as liquidated damages.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is

the judicial district in which the subject events or omissions occurred and where Defendants operate their business.

## THE PARTIES

3. Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to sue to restrain violations of the FLSA and to recover back wages and liquidated damages.

4. Defendant Tejas Chocolate, LLC, dba Tejas Chocolate & Barbecue ("Tejas Chocolate"), is a Texas limited liability company within this Court's jurisdiction with an address in Harris County, Texas, at 200 N. Elm Street, Tomball, Texas 77375, where it conducts business.

5. Tejas Chocolate operates two restaurants in Harris County, Texas, at 200 N. Elm St., Tomball, Texas 77375, and 22777 Springwood Village Pkwy., Spring, Texas 77389, within this Court's jurisdiction.

6. Defendant Tejas Dragon Companies, LLC, dba Tejas Burger Joint ("Tejas Burger Joint"), is a Texas limited liability company within this Court's jurisdiction with an address in Harris County, Texas at 200 N. Elm Street, Tomball, Texas 77375, where it conducts business.

7. Tejas Burger Joint operates a restaurant in Harris County, Texas, at 214 W. Main Street, Tomball, Texas 77375, within this Court's jurisdiction.

8. Defendant Scott Moore is the majority owner of Tejas Chocolate and Tejas Burger Joint. He has a place of business and is doing business at 200 N. Elm Street, Tomball, Texas 77375, in Harris County, Texas, within jurisdiction of this Court. Moore acts, and at all relevant times has acted, directly and indirectly in the interests of Defendants Tejas Chocolate

and Tejas Burger Joint in relation to employees. Upon information and belief, he makes decisions related to employee pay and disbursement of tips, and he directs the daily business affairs and operations of Defendants Tejas Chocolate and Tejas Burger Joint. Thus, he is an employer of the employees in this case within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## FLSA COVERAGE

9. Defendants are, and have been, employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. Defendants Tejas Chocolate and Tejas Burger Joint are, and have been, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that they have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

11. Defendants Tejas Chocolate and Tejas Burger Joint are, and have been, enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), by having employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). During all times relevant to this Complaint, Defendants have had sales in excess of $500,000 per year and have had two or more employees who handled goods, supplies, food, and wine that were moved in interstate commerce.

## FLSA VIOLATIONS

12. During the period of May 15, 2021, through at least May 13, 2023, Defendants kept tips unlawfully in violation of Section 3(m)(2)(B) of the FLSA.

13. The U.S. Department of Labor's Wage and Hour Division ("WHD") opened an investigation of Defendants on or about May 16, 2023. WHD found that Defendants' employees participated in a mandatory, nontraditional tip pool. The nontraditional tip pool included all employees who had been working for Defendants for more than 90 days. WHD's investigation further revealed that Defendants only paid a portion of the collected tips to employees and kept the remaining tips to pay for business expenses, such as condiments and to-go packaging.

14. Defendants' practice of keeping tips for business expenses, regardless of whether Defendants took a tip credit, is in direct violation of Section 3(m)(2)(B) of the FLSA and has resulted in employees not being paid all tip contributions legally owed to them under the FLSA.

15. As Defendants have violated Section 3(m)(2)(B) of the FLSA during at least the period of May 15, 2021, through May 13, 2023, Defendants must pay the amount of tips not paid to employees and improperly retained for business expenses to the employees listed on Exhibit A for at least this time period. Defendants also owe an equal amount in liquidated damages.

16. In the event the violations have continued after May 13, 2023, additional amounts for tips unlawfully kept by the Defendants may have accrued or be accruing for employees. Additional amounts may have also accrued or be accruing for employees presently unknown to Plaintiff, in amounts presently unknown to Plaintiff from May 15, 2021, to the present.

17. Section 17 of the FLSA, 29 U.S.C. § 217, specifically authorizes proceedings to

enjoin and restrain violations of the FLSA, including the restraint of the withholding of compensation that a court finds due to employees.

## PRAYER FOR RELIEF

As a result of the above violations, Defendants owe compensation for tips it unlawfully kept to the present and former employees named in Exhibit A, as well as any employees presently unknown to Plaintiff from whom Defendants kept tips unlawfully from May 15, 2021, to the present.

Plaintiff prays for judgment against Defendants as follows:

A.  For an injunction pursuant to Section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Section 3(m) of the FLSA;

B.  For an order pursuant to Section 16(c) of the FLSA finding Defendants liable for tips unlawfully kept by Defendants that are due to the employees listed in Exhibit A for the period since May 15, 2021 (and for other employees currently unknown to Plaintiff for the period covered by this Complaint), and for liquidated damages in an amount equal to the unpaid compensation found due to Defendants' employees;

C.  In the event liquidated damages are not awarded, for an order pursuant to Section 17 of the FLSA enjoining and restraining Defendants from unlawfully keeping tips due to Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.  For an order awarding Plaintiff the costs of this action; and

E.  For an order granting such other and further relief as may be necessary and

appropriate.

        Respectfully Submitted,

        SEEMA NANDA
        Solicitor of Labor

        JOHN RAINWATER
        Regional Solicitor

        CONNIE M. ACKERMANN
        Deputy Regional Solicitor

        AMY HAIRSTON
        Counsel for Wage and Hour

        by:
        /s/*Allyson D. Gault*
        ALLYSON D. GAULT
        Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 24093773
        SDTX Fed. No. 3315410

        Signed July 19, 2024.

        Attorneys for Plaintiff
        U. S. Department of Labor
        Office of the Solicitor
        525 S. Griffin Street, Suite 501
        Dallas, Texas 75202
        Telephone: (972) 850-3100
        Facsimile: (972) 850-3101
        Email: gault.allyson.d@dol.gov,
        docket.dallas@dol.gov